IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NEUROSCIENCE, INC.
and PHARMASAN LABS, INC.,

                                    ORDER

               Plaintiffs,

                                12-cv-813-bbc

    v.

RICHARD T. FORREST and
CERULEAN INVESTMENTS, INCORPORATED,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Neuroscience, Inc. and Pharmasan Labs, Inc. are suing defendants Richard Forrest and Cerulean Investments, Incorporated, for submitting false insurance claims in plaintiffs' name, among other things. Plaintiffs assert claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-88, and various state laws.

      Defendant Forrest, who is proceeding without counsel, has filed a second motion to dismiss the complaint against him for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Dkt. #18. (He cannot represent the corporate defendant, as I explained to him in the order entered in this case on March 8, 2013. Dkt. #15.) As he did in his first motion, Forrest raises arguments that I cannot consider in the context of a motion to dismiss. In particular, he argues that plaintiffs' allegations are not supported by the facts and he attaches various documents to his brief that he says show that

1

he did not do anything wrong. As I told defendant Forrest when I denied his first motion to dismiss, I am required to accept all factual allegations as true in the context a motion under Rule 12(b)(6), Neitzke v. Williams, 490 U.S. 319, 327 (1989), so an argument that the case should be dismissed because plaintiffs have their facts wrong is a nonstarter. Accordingly, I am denying defendant Forrest's motion to dismiss and granting plaintiffs' motion to strike the documents Forrest attached to his motion.

If defendant Forrest believes that plaintiffs' allegations are not supported by the facts, he must file a motion for summary judgment under Fed. R. Civ. P. 56. The parties have received a preliminary pretrial conference order that explains the procedures a party must follow to file a summary judgment motion, such as preparing proposed findings of fact. Dkt. #14. If defendant Forrest intends to file a summary judgment motion, he should review the procedures carefully to better insure that his motion is not denied for procedural reasons.

In addition, defendant Forrest should keep in mind that the ultimate questions in this case are not simply whether plaintiffs' allegations are true, but whether plaintiffs can prove all the elements of each of their claims. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Thus, in the event that either side files a motion for summary judgment, the parties' briefs should be framed by those elements, not just whether a particular fact is true or false.

ORDER

IT IS ORDERED that the motion to strike filed by plaintiffs Neuroscience, Inc. and Pharmasan Labs, Inc., dkt. #20, is GRANTED and defendant Richard Forrest's motion to

dismiss, dkt. #18, is DENIED.

Entered this 16th day of September, 2013.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge