IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NEUROSCIENCE, INC. and
PHARMASAN LABS, INC.,

                ORDER

            Plaintiffs,

                12-cv-813-bbc

    v.

RICHARD T. FORREST and CERULEAN
INVESTMENTS, INCORPORATED,

            Defendants.

---

On November 17, 2013, plaintiffs took the highly unusual step of filing an ex parte motion for discovery sanctions and relief. *See* dkt. 45 (currently under seal and filed ex parte; more on this below). Plaintiffs justified this approach by proffering evidence, generated mainly by subpoenas to third parties, that defendant Richard Forrest intentionally had been withholding relevant evidence from discovery and appeared to have destroyed some discoverable evidence rather than disclose it in this lawsuit. Plaintiffs requested an ex parte telephonic hearing on their motion, which the court held on December 3, 2013 in order to obtain a clearer understanding of what plaintiffs were asking the court to order and what was the legal basis for such an order. Plaintiffs appeared by counsel; defendant Richard T. Forrest was intentionally excluded from this hearing.

After discussing plaintiffs' motion with their attorney, the court granted it in small part and denied it in the main. The court explained its rationale at the hearing.[1] In broad strokes, the court concluded that it could not–and would not–grant plaintiffs the level of discovery self-help that they were requesting in this civil lawsuit, but that it would enter one last order requiring defendant Forrest to produce on an accelerated deadline all discoverable information that is on or was on sources of

---

[1] The hearing was recorded by a court reporter; it will be up to the parties to obtain a transcript.

electronically stored information (ESI) in Forest's possession–or in the possession of Cerulean Investments, Inc. or any other entity associated with Forrest. In the interests of transparency, at the deadline for Forrest to produce ESI, the court is unsealing all of the ex parte documents, although defendant may seek to seal from public view confidential information filed in support of the instant motion.

ORDER

IT IS ORDERED that:

(1) Not later than Friday, December 6, 2013 at noon, defendant Richard Forrest shall produce to defendants all items, devices and media–without limitation–in his (or an associated entity's) actual or constructive possession or under his (or an associated entity's) actual or constructive control–on which electronically stored information (ESI) currently is stored or was stored that relates in any manner to this lawsuit.

(2) Prior to this production, defendant Richard Forrest shall not delete, encrypt or otherwise alter any ESI contained within or accessible from these items, devices or media, and he shall not sever, disguise or otherwise alter any links or paths to this ESI from these items, devices or media.

(3) Plaintiffs may mirror or otherwise copy from these items, devices and media all ESI related in any manner to this lawsuit. Plaintiffs are not entitled to access or use any ESI that is completely and solely personal to defendant Richard Forrest and must make arrangements to wall off any such information from access or use, although they are entitled to spot-check all of the ESI to determine whether it is discoverable in this case.

(4) On December 6, 2013 at noon, the court shall unseal plaintiffs' ex parte motion and supporting documents, dkts. 45-47, while maintaining under seal from the public documents identified by plaintiffs as confidential.

Entered this 3rd day of December, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge