IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NEUROSCIENCE, INC.
and PHARMASAN LABS, INC.,

                                                                               ORDER

                      Plaintiffs,

                                                           12-cv-813-bbc

    v.

RICHARD T. FORREST and
CERULEAN INVESTMENTS, INCORPORATED,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Neuroscience, Inc. and Pharmasan Labs, Inc. are suing defendants Richard Forrest and Cerulean Investments, Incorporated, for submitting false insurance claims in plaintiffs' name, among other things. Plaintiffs assert claims for theft, fraud, tortious interference with a business relationship and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-88.

      Plaintiffs have filed a motion for a preliminary injunction in which they allege that defendants are disseminating defamatory statements about plaintiffs to their customers and former employees. Dkt. #49. They ask for an injunction "that will prevent the Defendants from their destructive behavior." Dkt. #51 at 8.

      An immediate and obvious problem with plaintiffs' motion is that they are seeking relief on an issue that is outside the scope of their complaint. Plaintiffs did not include a

1

claim for defamation in their complaint, which is not surprising because the alleged defamation did not begin until November 2013. Although plaintiffs did include a claim for tortious interference with a business relationship, that claim involves alleged conduct different from that asserted in plaintiffs' motion for a preliminary injunction. Because a preliminary injunction is intended to preserve the status quo until the court has an opportunity to reach the merits, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). See also Dudgeon v. Fiorello, 06-C-563-C, 2007 WL 5517460 (W.D. Wis. Jan. 31, 2007) (denying motion for preliminary injunction because it raised issues outside scope of complaint); Williams v. Nelson, 04-C-774-C, 2005 WL 840358 (W.D. Wis. Apr. 1, 2005) (same).

Federal Rule of Civil Procedure 15 allows a plaintiff to amend her complaint to include new claims. However, the deadline for filing an amendment in this case without leave of court passed eight months ago, dkt. #14, and the deadline for filing dispositive motions is December 9, 2013, dkt. #40, suggesting that it is too late to change the scope of the lawsuit now.

Of course, plaintiffs are free to file a new lawsuit for defamation against defendants, but if plaintiffs decide to do that, they should know that they will have to make a stronger showing on the merits to receive preliminary injunctive relief. In their brief, plaintiffs devote one paragraph to arguing the merits of their claim, without even identifying clearly whether

they mean to assert a claim for defamation, tortious interference with a business relationship or both.

To prove a claim of defamation under Wisconsin law, a plaintiff must adduce evidence showing that an allegedly defamatory statement "(1) was spoken to someone other than the person defamed, (2) is false, (3) is unprivileged and (4) tends to harm the defamed person's reputation so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Torgerson v. Journal/Sentinel, Inc., 210 Wis. 2d 524, 534, 563 N.W.2d 472, 477 (1997); Hart v. Bennet, 2003 WI App 231, ¶ 21, 267 Wis. 2d 919, 941, 672 N.W.2d 306, 317. In their motion, the only evidence plaintiffs cite to prove falsity is the affidavit of the general sales manager for defendant Neuroscience, dkt. #53, but he simply asserts that the statements are false without providing any support for his assertions or even providing foundation for his testimony.

Wisconsin does not recognize a claim for "tortious interference with a business relationship"; rather, the plaintiff must show that the defendant interfered with "an existing contract or sufficiently concrete prospective contract." Shank v. William R. Hague, Inc., 192 F.3d 675, 689 (7th Cir. 1999) (applying Wisconsin law). The elements of that claim are (1) a contractual relationship on behalf of the plaintiff; (2) knowledge by the defendant of the existence of the contractual relationship; (3) intentional acts on the part of the defendant to disrupt the relationship; (4) actual disruption of the relationship causing damages; and (5) lack of privilege or justification for the defendant's interference. Burbank Grease Services, LLC v. Sokolowski, 2006 WI 103, ¶ 44, 294 Wis. 2d 274, 717 N.W.2d 781;

<u>Anderson v. Regents of the University of California</u>, 203 Wis. 2d 469, 490, 554 N.W.2d 509 (Ct. App. 1996).

To prevail on a motion for a preliminary injunction on one or both of these claims, plaintiffs will have to bring a new lawsuit and present evidence and argument on each element of the claim or claims asserted.

ORDER

IT IS ORDERED that the motion for a preliminary injunction filed by plaintiffs Neuroscience, Inc. and Pharmasan Labs, Inc., dkt. #49, is DENIED.

Entered this 5th day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge