IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NEUROSCIENCE, INC.
and PHARMASAN LABS, INC.,

                Plaintiffs,

    v.

RICHARD T. FORREST and
CERULEAN INVESTMENTS, INCORPORATED,

                Defendants.

ORDER

12-cv-813-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Neuroscience, Inc. and Pharmasan Labs, Inc. are suing defendants Richard Forrest and Cerulean Investments, Incorporated, for submitting false insurance claims in plaintiffs' name, among other things. Plaintiffs assert claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-88, and various state laws. Defendant Forrest is proceeding without counsel and defendant Cerulean has not made an appearance. As noted in previous orders, "[c]orporations unlike human beings are not permitted to litigate pro se," In re IFC Credit Corp., 663 F.3d 315, 318-19 (7th Cir. 2011), which means that Forrest cannot represent Cerulean and that Cerulean has not yet filed an answer or otherwise participated in the lawsuit.

      Now plaintiffs have filed a motion for sanctions in which they allege that defendant Forrest has failed to comply with various discovery demands and court orders. Dkt. #71.

1

(Although plaintiffs seek relief as to both defendants, Forrest's litigation conduct cannot be imputed to Cerulean for the reason discussed above, so I am limiting the scope of plaintiffs' motion to Forrest.  If plaintiffs want judgment as to Cerulean, they will have to move for default under Fed. R. Civ. P. 55.).  As remedies for Forrest's misconduct, plaintiffs request that the court (1) enter default judgment against Forrest for failing to appear for his noticed depositions, Fed. R. Civ. P. 37(b)(2)(A)(vi) and (d) (court may "rende[r] a default judgment against the disobedient party" if he "fails, after being served with proper notice, to appear for that person's deposition"); (2) enter default judgment and find Forrest in contempt for refusing to comply with Magistrate Judge Crocker's December 3, 2013 order to produce electronically stored information, Fed. R. Civ. P. 37(b)(2)(A)(vii) (court may "trea[t] as contempt of court the failure to obey any order"); (3) award attorney fees and costs for preparing for Forrest's scheduled depositions and preparing their motion for sanctions; Fed. R. Civ. P. 37(d)(3) (court "must require party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust"); and (4) compel Forrest to appear for a deposition "so plaintiffs may learn the true extent of [Forrest's] misdeeds."

Plaintiffs' second request is moot because the magistrate judge concluded in his January 24, 2014 order that "Forrest had valid, good faith reasons for not producing to defendant all of the devices containing Forrest's ESI as ordered by the court on December 3, 2013." Dkt. #76.  Accordingly, I am denying that aspect of plaintiffs' motion.

I am granting plaintiffs' first and third requests as unopposed.   Defendant Forrest

does not deny that he failed to attend multiple, noticed depositions and he does not attempt to provide an excuse for these failures. Further, it is unnecessary to consider whether a lesser sanction is appropriate because Forrest is consenting to judgment as to liability. In a letter to the court dated February 3, 2014, Forrest says that he "can no longer participate in this litigation" and he has "no choice but to capitulate and succumb to a default judgment in this lawsuit." Dkt. #79. Although Forrest says he is giving up for various reasons unrelated to the merits of the case, he does not ask for court assistance or otherwise suggest that his concerns provide any grounds for his failure to appear at his noticed depositions. Forrest requests a hearing to determine damages, but I will deny that motion as unnecessary because the court will schedule a hearing to allow plaintiffs to prove their damages regardless whether Forrest requests such a hearing.

This leaves plaintiffs' request to compel defendant Forrest's deposition. I am denying that motion without prejudice in light of my conclusion that plaintiffs are entitled to default judgment. In addition, I will hold a telephone conference to schedule a default hearing. If plaintiffs believe that they still need discovery to prove their damages, they may renew their motion at that time.

ORDER

IT IS ORDERED that the

1. The motion for sanctions filed by plaintiffs Neuroscience, Inc. and Pharmasan Labs, Inc. against defendant Richard T. Forrest, dkt. #71, is GRANTED with respect to

their request for default judgment and their request for attorney fees and costs. The motion is DENIED with respect to their request to find defendant Forrest in contempt and to compel him to sit for a deposition.

2. Defendant Forrest's motion for a default hearing, dkt. #79, is DENIED as unnecessary.

3. The clerk of court is directed to set a telephone conference for March 7, 2014, at 1:00 pm to determine a date for the default hearing and to address any other matters the parties wish to raise.

4. Plaintiffs may have until March 7, 2014, to submit an itemization of their fees and expenses related to (1) defendant Forrest's failure to appear at his noticed depositions and (2) preparing plaintiffs' motion for sanctions. Defendant Forrest may have until March 14, 2014 to file a response. Plaintiffs may have until March 19, 2014 to file a reply.

5. If plaintiffs wish to renew their motion to compel defendant Forrest to sit for a deposition, they should do so no later than March 7, 2014, and they should take care to explain the proposed scope of the deposition and what they hope to accomplish with it. In addition, they should cite relevant authority for compelling a party to sit for a deposition after entry of default. Defendant Forrest may have until March 14, 2014, to file a response.

Entered this 21st day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge